IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TINA GYORKOS,

                Plaintiff,

    v.                                                        ORDER

NANCY A. BERRYHILL,                          15-cv-296-jdp
Acting Commissioner of Social Security,

                Defendant.

---

On the parties' joint motion, the court reversed and remanded the Commissioner's decision denying plaintiff Tina Gyorkos's application for disability benefits. Dkt. 11. The court awarded plaintiff's attorney, Dana Duncan, fees in the amount of $6,050 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 19. On remand, the Administration awarded plaintiff $75,437.25 in past-due benefits.

Now Duncan petitions the court for a representative fee award in the amount of $18,859.31, pursuant to 42 U.S.C. § 406(b). Plaintiff signed a contingent fee contract and agreed to pay Duncan up to "twenty-five percent (25%) of all back benefits awarded." Dkt. 21-1, at 1. The Commissioner has indicated that she does not oppose an award of fees in "the amount withheld from past . . . due benefits" less the $6,050 in EAJA fees Duncan previously recovered. Dkt. 24. That would be considerably less than what Duncan seeks: the Administration, without explanation, withheld only $7,189.50, so after subtracting the EAJA fees, Duncan would be left with only $1,139.50. It's unclear whether the Commissioner opposes an award of $18,859.31. For unrelated reasons, the court will deny the requested fees and award Duncan a lesser amount.

The court has repeatedly warned Duncan that under 42 U.S.C. § 406(b), the court will award fees only for the *attorney's* work before *this* court and that he risks denial of future fee requests if he continues to brief his § 406(b) motions as though the court could consider both his work in the administrative portion of the case and his firm's non-attorney work. *See Westlund v. Colvin*, No. 15-cv-450 (W.D. Wis. June 1, 2017), Dkt. 25; *Heise v. Colvin*, No. 14-cv-739 (W.D. Wis. Dec. 15, 2016), Dkt. 35. Most recently, the court awarded Duncan a reduced fee because he has continued to ignore the court's instructions and warned him that he could expect a similar result if he took the same approach again. *See Hansen v. Berryhill*, No. 14-cv-245, Dkt. 27 (W.D. Wis. Aug. 1, 2017).

Despite numerous warnings, Duncan filed his § 406(b) motion in this case using the same erroneous approach. Nowhere in his motion does he lay out the equivalent hourly rate for *his* work before *this court*, which would be $814.66 per hour ($18,859.31 for 23.15 hours of work). This is on the high end of rates that courts have awarded, *see Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007), so it warrants careful review for reasonableness. Just as in *Hansen*, Duncan makes almost no effort to show that something about Gyorkos's case warrants compensation at a high equivalent hourly rate. He argues that his contingency fee is really equivalent to much lower hourly compensation, either $377.86 or $236.63. He argues that his "non-contingent hourly rate for work comparable to social security appeals is $400 per hour" and that he charges $250 per hour for his expert work in divorce proceedings, Dkt. 22, at 11, but points to no evidence in support of these arguments. (Duncan's 2015 affidavit in support of his motion for EAJA fees confusingly lists his non-contingent hourly rate as both $350 and $400. *See* Dkt. 14.) Duncan makes no effort to support the actual equivalent hourly rate in this case, $814.66 per hour. Just as in *Hansen*, Duncan's work on this case in this court

appears to be quite routine.[1] It does not warrant the extraordinary contingency premium that Duncan seeks. The representative fee requested by Duncan is unreasonable, so I must reduce it to an appropriate rate. *See, e.g.*, *Schimpf v. Astrue*, No. 06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee at a reduced hourly rate of $583.50); *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099-100 (N.D. Ill. 2005) (awarding a fee at a reduced hourly rate of $350).

In setting a reasonable fee, I do not want to discourage efficiency and cooperation. Duncan achieved an efficient resolution of the appeal with a good summary judgment brief, which prompted the Commissioner to join a motion to remand the case. But Duncan has resolutely ignored the court's instructions by repeatedly justifying representative fee awards under § 406(b) on the basis of work by non-attorneys and work in tribunals other than this court. His § 406(b) motion is a waste of court resources. Accordingly, I will award Duncan a reduced fee of $13,239.50. This means Duncan may receive the $7,189.50 withheld by the Administration and the previous award of $6,050 in fees under EAJA. This award reflects an equivalent hourly rate of $571.90. Should Duncan continue to ignore the court's instructions about the correct approach to § 406(b) awards, he can expect similar reductions in fees.

---

[1] Duncan reported 1.3 hours preparing his nine-page brief in support of EAJA fees—the court is very familiar with this EAJA brief, as Duncan routinely submits a nearly identical brief in support of each motion for EAJA fees he files in this court. *See, e.g.*, *Edwards v. Colvin*, No. 13-cv-607 (W.D. Wis. Dec. 8, 2014), Dkt. 35. It is difficult to believe that it took Duncan over an hour to update his EAJA boilerplate with the correct case caption, procedural history, and reported hours.

ORDER

IT IS ORDERED that plaintiff's attorney's petition for attorney fees pursuant to § 406(b), Dkt. 21, is DENIED, and he is awarded fees in the amount of $13,239.50.

Entered August 18, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge